# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMY LEE WEBB, | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| v. | ) Case No. 2:13-cv-00725-KOB-JEO |
| | ) |
| JAMES E. HILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 31, 2013; he recommended that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) as barred by the statute of limitations and for failing to state a claim upon which relief may be granted.  (Doc. 13).  The plaintiff filed objections to the report and recommendation on November 14, 2013.  (Doc. 14).

The plaintiff objects to the magistrate judge's finding that his claims are barred by the applicable statute of limitations.  The plaintiff alleges that a court reporter formerly employed by the St. Clair County Circuit Court notified him only recently that no transcript exists in his criminal case.  He contends that this notification constitutes evidence that he is illegally imprisoned.  He argues that because the statute of limitations does not begin to run until a plaintiff knows or has reason to know of the injury that is the basis of the action, his claims are not time barred.

The plaintiff is correct that a cause of action accrues and the limitations period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990); *see also McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008). The Eleventh Circuit Court of Appeals has stated that "'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Therefore, a § 1983 action does not accrue until the plaintiff knows or has reason to know that he or she has been injured. *See Calhoun*, 705 F.2d at 424.

The plaintiff alleges that on July 29, 1997, he was escorted into the St. Clair County Courthouse to be arraigned in Case No. CC-97-76 on a charge of second degree assault. (Doc. 1 at 4). Dennis Rushing, the plaintiff's defense attorney, informed him that if he pled guilty, Rushing could negotiate a ten-year sentence for plaintiff. The plaintiff was not arraigned on this date. He further alleges that he did not plead guilty or make any plea to the charge. *Id*.

On September 2, 1997, while in open court, St. Clair County Assistant District Attorney W. Van Davis provided the plaintiff with a "plea agreement form, [I]reland

form, and statement of satisfaction." The plaintiff signed the documents but alleges that he did not plead guilty to the charge of assault in Case No. CC-97-76. *Id*.

Any cause of action concerning the plaintiff's claims of "illegal restraint" accrued at the latest on September 2, 1997, when he claims that he was not arraigned and did not plead to the assault charge in Case No. CC-97-76. At such time, the plaintiff was aware or should have been aware that his constitutional rights had been violated. The plaintiff did not file the present action until April 14, 2013, some fifteen years later. (Doc. 1 at 6). The existence or non-existence of a transcript does not extend that time period; the lack of a transcript fifteen years after the events does not, in and of itself, make the plaintiff's detention illegal or give rise to any knowledge of a claim that the plaintiff did not otherwise have. Based on the foregoing, the plaintiff's claims against defendants are barred by the statute of limitations.

Plaintiff's only request for relief is that the court issue an order for his release. (*See* Doc. 1 at 6). Even if the plaintiff's claims were not barred by the statute of limitations, his request for release is due to be denied because a state prisoner may challenge the "fact or duration" of his confinement only by way of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A prisoner cannot

circumvent the exhaustion requirements in a habeas action by filing a request for release under § 1983. *See Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981).

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections. The court ADOPTS the magistrate judge's report and ACCEPTS his recommendation that the this case is due to be dismissed as barred by the statute of limitations, or in the alternative, as failing to state a claim upon which relief can be granted.

Accordingly, the court finds that the complaint is due to be dismissed as barred by the statute of limitations, or in the alternative, as failing to state a claim upon which relief can be granted.

The court will enter a separate, final Order.

DONE and ORDERED this 11th day of December, 2013.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE